James Leonard Reynaga ESTELLA, Petitioner,

v.

Eric H. HOLDER, JR., Attorney General, Respondent.

No. 10–72494.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2015.*

Filed March 18, 2015.

Judith L. Wood, Esquire, Law Offices of Judith L. Wood & Jesse A. Moorman, Los Angeles, CA, for Petitioner.

Anthony W. Norwood, Senior Litigation Counsel, OIL, Lisa Damiano, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

James Leonard Reynaga Estella, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the denial of Reynaga's CAT claim, because he has not shown it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Peru if he is returned. *See Delgado v. Holder,* 648 F.3d 1095, 1108 (9th Cir.2011) (en banc).

We reject Reynaga's contention that the BIA abused its discretion by relying on boilerplate language, as it is contradicted by the record.

In denying Reynaga's asylum and withholding of removal claims, the agency found Reynaga failed to establish a well-founded fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez–Rivas v. Holder,* 707 F.3d 1081 (9th Cir.2013) (en banc), *Cordoba v. Holder,* 726 F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. Holder,* 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–,* 26 I. &

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

N. Dec. 227 (BIA 2014), and *Matter of W–G–R–*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Reynaga's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of this remand, we do not reach Reynaga's arguments regarding whether his past harm rose to the level of persecution or whether he has a well-founded fear of future persecution.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.